FILED
MAY - 5 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMIR REZA OVEISSI, Individually, and as the Personal Representative of the Estate of Gholam Ali Oveissi,

Plaintiff,

v.

ISLAMIC REPUBLIC OF IRAN, and THE IRANIAN MINISTRY OF INFORMATION AND SECURITY,

Defendants.

Case: 1:11-cv-00849
Assigned To : Lamberth, Royce C.
Assign. Date : 5/5/2011
Description: PI/Malpractice

RELATED TO CASE NO.
03-cv-1197 (RCL), UNDER
28 U.S.C § 1605A

## COMPLAINT

Plaintiff Amir Reza Oveissi ("plaintiff" or "Mr. Oveissi"), individually, and as the personal representative of the Estate of Gholam Ali Oveissi, hereby sues the Islamic Republic of Iran and The Iranian Ministry of Information and Security (collectively "defendants") for (1) confirmation and entry of a money judgment, (2) punitive damages and (3) additional damages for "reasonably foreseeable property loss," under 28 U.S.C. § 1605A. Pub. L. No. 110-181, § 1083, 122 Stat. 3, 338-44 (2008). In support of his causes of action, Mr. Oveissi states as follows:

## INTRODUCTION

This action is brought under the grant of subject matter jurisdiction contained in 28 U.S.C. § 1605A(a)(1), (2). This action shall be referred to as the "New Related Action." This New Related Action is related to a prior action brought by the same plaintiff against the same defendants. The prior action (hereafter, the "Underlying Action") was styled *Oveissi v. Islamic Republic of Iran, et al.*, Case No. 03-cv-1197 (RCL). Mr. Oveissi's original Complaint in the Underlying Action was filed on June 2, 2003, and an Amended Complaint was filed on December 31, 2005. This Court obtained subject matter jurisdiction in the Underlying Action pursuant to 28 U.S.C. § 1605(a)(7). On January 28, 2008, § 1605A became law and superseded § 1605(a)(7). On November 12, 2010, in the Underlying Action, the Court issued a Memorandum Opinion [Docket No. 48], ordering judgment to be "entered against all defendants as to all issues of liability" and ordering an evidentiary hearing on damages. A true and correct copy of the November 12, 2010 Memorandum Opinion is attached hereto as "Exhibit A." On March 8, 2011, after briefing and an evidentiary hearing on damages, this Court entered an Order and Judgment in the amount of $7,500,000 against defendants and in favor of Mr. Oveissi in accordance with a Memorandum Opinion issued on the same date. A true and correct copy of the March 8, 2011 Memorandum Opinion [Docket No. 54] in the Underlying Action is attached hereto as "Exhibit B," and a true and correct copy of the March 8, 2011 Order and Judgment [Docket No. 55] in the Underlying Action is attached hereto as "Exhibit C." The Judgment in the Underlying Action remains completely unsatisfied.

Section 1605A is part of the National Defense Authorization Act for Fiscal Year 2008, which was signed into law by President George W. Bush, effective on January 28, 2008 ("NDAA"). In addition to creating additional grounds for federal courts to assert subject matter

jurisdiction involving terrorism by state sponsors, the NDAA also, *inter alia*, created for the first time a federal private right of action against a foreign state which sponsors terrorism. *See* § 1605A(c). In addition, the NDAA provides for the first time a panoply of remedies or remedial provisions, which vastly enhance the ability of and the potential to collect money damages for actions brought under § 1605A ("the Panoply"). The Panoply is found in the amended version of 28 U.S.C. § 1610(g) and elsewhere in the NDAA. *See* 28 U.S.C. § 1605A(g), § 1610(g).

The filing of the New Related Action is made necessary by Mr. Oveissi's desire to have the Underlying Judgment confirmed through a judgment to be issued in the New Related Action so as to qualify such Judgment as a judgment under § 1605A. In turn, a § 1605A judgment will entitle Mr. Oveissi to resort to the Panoply, which otherwise would be unavailable to Mr. Oveissi. In addition, Mr. Oveissi seeks punitive damages, which are available under § 1605A(c), and additional damages for "reasonably foreseeable property loss," which are available under § 1605A(d). Mr. Oveissi will not introduce any new evidence of defendants' liability, but will instead rely upon the *res judicata* effect of the Underlying Judgment as to defendants. Mr. Oveissi, however, will request that the Court allow briefing on the monetary damages sought in the New Related Action.

## JURISDICTION AND VENUE

1.      Jurisdiction over the subject matter of this case arises under 28 U.S.C. §§ 1330(a), 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. The defendants are subject to suit for money damages in the courts of the United States pursuant to the Foreign Sovereign Immunities Act, as amended, 28 U.S.C. § 1605A(a)(1). This action is related to a prior action before this Court, which was brought pursuant to the jurisdictional grant contained in the former 28 U.S.C. 1605(a)(7), which has been superseded by 28 U.S.C. § 1605A(a)(1), (2).

2. Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(f)(4).

## THE PARTIES

3. Plaintiff Amir Reza Oveissi is, and at all times relevant herein was, a United States citizen, and has been and is an individual residing in the Commonwealth of Virginia, in Fairfax County. Mr. Oveissi is the grandson and heir of Gholam Ali Oveisi, and is the personal representative of the Estate of Gholam Ali Oveissi.

4. Defendants Islamic Republic of Iran and The Iranian Ministry of Information and Security are, and at all times material to this matter were, entities designated as state sponsors of terrorism pursuant to Section 6(j) of the Export Administration Act of 1979, 50 U.S.C. App. § 2405(j), and Section 620A of the Foreign Assistance Act of 1961, 22 U.S.C. § 2371, and are not immune to litigation.

5. Plaintiff has already sued defendants in this Court under the now superseded 28 U.S.C. § 1605(a)(7). The Underlying Action was styled *Oveissi v. Islamic Republic of Iran, et al.*, Case No. 03-cv-1197 (RCL). On November 12, 2010, the Court issued a Memorandum Opinion, ordering judgment to be "entered against all defendants as to all issues of liability," as set forth in "Exhibit A" attached hereto. On March 8, 2011, this Court entered an Order and Judgment in the amount of $7,500,000 against defendants and in favor of Mr. Oveissi in accordance with a Memorandum Opinion issued on the same date, as set forth in "Exhibits B and C" attached hereto.

## COUNT 1

### (Confirmation/Entry of § 1605A Judgment)

6. Plaintiff re-alleges and incorporates herein by this reference each and every allegation set forth in Paragraphs 1 through 5 of this Complaint as though set forth fully herein.

7. The Underlying Judgment in the amount of $7,500,000 arises out of the extrajudicial killing of plaintiff's grandfather, Gholam Ali Oveissi, by defendants, as specifically determined by this Court in its findings contained in the Memorandum Opinion dated November 12, 2010 ("Exhibit A") and the March 8, 2011 Memorandum Opinion ("Exhibit B") issued simultaneously with the March 8, 2011 Order and Judgment ("Exhibit C").

8. The NDAA expressly permits the filing of this New Related Action, which also arises out of the same act or incident as the extrajudicial killing of Gholam Ali Oveissi.

9. By virtue of the *res judicata* effect of the Underlying Judgment, Mr. Oveissi is entitled to the entry of a § 1605A money judgment on his behalf in the same amount awarded in the Judgment in the Underlying Action, which is $7,500,000.

## COUNT 2

### (Punitive Damages Under § 1605A(c))

10. Plaintiff re-alleges and incorporates herein by this reference each and every allegation set forth in Paragraphs 1 through 9 of this Complaint as though set forth fully herein.

11. Plaintiff is entitled to an award of punitive damages under § 1605A(c). The measure of Mr. Oveissi's punitive damages should be based on the economic losses that Mr. Oveissi suffered as a result of his grandfather's murder. This Court previously stated in its March 8, 2011 Memorandum Opinion that the testimony in the Underlying Action "establishes that while in Iran, General Oveissi owned assets totaling roughly $749,000,000." ("Exhibit C" at p.24). Mr. Oveissi argued in the Underlying Action that defendants' "murder of Gholam Oveissi foreclosed Gholam Oveissi's ability to recover his property so that it could eventually be distributed by Gholam Oveissi to his heirs," including plaintiff. This Court, however, ruled that "while Gholam Oveissi's murder may have prevented his attempt to reclaim the assets, the

assassination certainly was not the *legal cause* of his losses in the first instance." ("Exhibit C" at p.26). This Court believed that "the 1979 revolution and Gholam Oveissi's flight from Iran were the legal cause of the losses," not the murder. Nonetheless, even though the $749,000,000 in economic losses do not qualify as compensatory damages, it is an appropriate measure for calculating Mr. Oveissi's punitive damages. Alternatively, at a minimum, Mr. Oveissi is entitled to punitive damages assessed against defendants in an amount that is ten (10) times the compensatory damages of $7,500,000, or $75,000,000.

12. Defendants' conduct was outrageous conduct, and a punitive damages award against defendants in the amount of $749,000,000, or, in the alternative, in the amount of $75,000,000 will deter defendants and others like defendants from similar conduct in the future. A large punitive damages award against defendants will serve as a notice to defendants that they must cease and desist all terrorist activities, and the monetary penalties must be of sufficient magnitude to deter further terrorist acts, such as extrajudicial killings.

## COUNT 3

### (Additional Damages Under § 1605A(d))

13. Plaintiff re-alleges and incorporates herein by this reference each and every allegation set forth in Paragraphs 1 through 12 of this Complaint as though set forth fully herein.

14. Plaintiff is entitled to an award of additional damages for "reasonably foreseeable property loss" under § 1605A(d). It was "reasonably foreseeable" when defendants murdered Gholam Oveissi that the murder would foreclose Gholam Oveissi's ability to reclaim his assets in Iran valued at $749,000,000 and distribute those assets to his heirs, including plaintiff.

15. As a matter of law, Gholam Oveissi never voluntarily relinquished his legal rights to this property, neither when he fled Iran nor when he was murdered by Iran. *Cf. Agudas*

*Chasidei Chabad of U.S. v. Russian Federation*, 466 F. Supp. 2d 6, 12 (D.D.C. 2006) (Lamberth, J.) (loss of possession of valuable Archive and Library while "fleeing . . . from the advancing German army" is not abandonment); *see also Mucha v. King*, 792 F.2d 602, 611 (7th Cir. 1986) ("Abandonment is a voluntary relinquishment of rights.") (citing *Menzel v. List*, 49 Misc. 2d 300, 305, 267 N.Y.2d 804, 810 (N.Y. Sup. Ct. 1966) ("The relinquishment here by the Menzels in order to flee for their lives was no more voluntary than the relinquishment of property during a holdup.")). Although Gholam Oveissi temporarily lost physical possession of his holdings in Iran when he fled to Paris, France, Iran's murder of Gholam Oveissi foreclosed Gholam Oveissi's ability to recover his property so that it could eventually be distributed by Gholam Oveissi to his heirs.

16.     Plaintiff would have benefitted significantly from Gholam Oveissi's distribution of property to his heirs, and plaintiff is entitled to a damages award equal to the full amount of those assets individually, and as the Personal Representative of the Estate of Gholam Oveissi.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court grant the following relief:

## COUNT 1

### (Confirmation/Entry of § 1605A Judgment)

1.     For the Court to enter a § 1605A money judgment in favor of plaintiff and against defendants jointly and severally in the amount of $7,500,000;

2.     For an award of costs incurred in this action;

3.     For an award of interest, including prejudgment interest, at the legal rate of interest;

4.     For such other and further relief as this Court deems just and proper.

## COUNT 2

**(Punitive Damages Under § 1605A(c))**

1. For an award of punitive damages in the amount of $749,000,000, or, in the alternative, in the amount of $75,000,000, or, in the alternative, an award in an amount that this Court deems just and proper;

2. For an award of costs incurred in this action;

3. For an award of interest, including prejudgment interest, at the legal rate of interest;

4. For such other and further relief as this Court deems just and proper.

## COUNT 3

### (Additional Damages Under § 1605A(d))

1. For an award of damages in the amount of $749,000,000, for "reasonably foreseeable property loss," or, in the alternative, an award in an amount that this Court deems just and proper;

2. For an award of costs incurred in this action;

3. For an award of interest, including prejudgment interest, at the legal rate of interest;

4. For such other and further relief as this Court deems just and proper.

DATED: May 5, 2011

Respectfully submitted,

Stephen D, Palley (D.C. Bar No. 497413)
Akin Alcitepe (D.C. Bar No. 481389)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
1401 H Street NW, Suite 500
Washington, D.C. 20005
Phone: (202) 326-5036
Fax:    (202) 408-0640
Email: Aalcitepe@ober.com

*Attorneys for Plaintiff Amir Reza Oveissi*