**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AMIR REZA OVEISSI,  )<br>  )<br>     Plaintiff,  )<br>  )<br>     v.  )<br>  )<br>ISLAMIC REPUBLIC OF IRAN, *et al.*,  )<br>  )<br>     Defendants.  )<br>  ) | Case No. 11-CV-00849 (RCL) |

**UNOPPOSED MOTION ON BEHALF OF OFFICE OF FOREIGN ASSETS CONTROL
FOR PROTECTIVE ORDER AUTHORIZING DISCLOSURE IN RESPONSE TO
RULE 45 SUBPOENA**

The U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC"), a non-party respondent to a subpoena issued by plaintiff in the above-captioned matter under Rule 45 of the Federal Rules of Civil Procedure, hereby moves for entry of a protective order authorizing the disclosure of certain information responsive to that subpoena.

**INTRODUCTION**

Plaintiff holds a judgment issued against defendants. Dkt. No. 15. On August 10, 2015, plaintiff issued a third-party subpoena seeking certain information from OFAC, namely:

(a) [A] list of all financial institutions holding assets in the United States that are blocked due to a nexus with the government of the Islamic Republic of Iran, its political subdivisions, and its agencies and instrumentalities, and the total such assets reported by each such institution, rounded down to the nearest $100,000; and

(b) [A] list of the physical addresses or copies of deeds of all real property in the United States, excluding diplomatic property, that are blocked due to a nexus with the government of the Islamic Republic of Iran, its political subdivisions, and its agencies and instrumentalities.

*See* Exhibit, attached Declaration of Ezra D. Landis at 2.

OFAC has agreed to provide plaintiff with information responsive to the subpoena, subject to a protective order from this Court. Without a protective order, the release of this information might violate the Trade Secrets Act ("TSA"), 18 U.S.C. § 1905, which imposes criminal penalties for the disclosure of information falling within its terms without appropriate authorization of law.[1]  Thus, while OFAC does not waive any right, privilege, or immunity to which it may be entitled with respect to any further response, it respectfully requests that, in light of the prohibitions of the TSA, the Court authorize its disclosure of information responsive to plaintiff's subpoena via the attached proposed protective order.[2]

## ARGUMENT

## AUTHORIZATION OF LAW IS REQUIRED BEFORE DISCLOSURE MAY BE MADE OF INFORMATION PROTECTED BY THE TRADE SECRETS ACT.

Information responsive to plaintiff's subpoena may be subject to the restrictions on disclosure set forth in the TSA, a criminal statute. The TSA bars unauthorized release by a federal employee or officer of certain types of information received by the government. Specifically, the statute provides:

> **§ 1905.  Disclosure of confidential information generally.**
>
> Whoever, being an officer or employee of the United States or of any department or agency thereof . . . publishes, divulges, discloses, or makes known in any manner or to any extent not authorized by law any information coming to him in the course of his employment or official duties or by reason of any examination or

---

[1] OFAC takes no position as to whether any of the assets that may be identified as a result of its disclosure may ultimately be available for attachment. Nor does OFAC intend to waive or compromise in any way the United States' ability to state its views in future litigation as to the attachability of these assets.

[2] As noted in the proposed protective order, the Court's entry of that order will resolve only the question of whether disclosure is authorized under the TSA. It does not constitute a determination as to any other privilege or immunity OFAC or any other person may have as to any information potentially responsive to plaintiff's subpoena or any other objection OFAC or any other person may have to plaintiff's subpoena.

> investigation made by, or return, report or record made to or filed with, such department or agency or officer or employee thereof, which information concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the identity, confidential statistical data, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or association; or permits any income return or copy thereof or any book containing any abstract or particulars thereof to be seen or examined by any person except as provided by law; shall be fined under this title, or imprisoned not more than one year, or both; and shall be removed from office or employment.

18 U.S.C. § 1905.

The TSA's scope has been described as "exceedingly broad" (even "oceanic") and courts have held that it "encompasses virtually every category of business information likely to be [found] in the files" of an agency. *CNA Financial Corp. v. Donovan*, 830 F.2d 1132, 1140 (D.C. Cir. 1987); *see also id.* (concluding that the TSA "appears to cover practically any commercial or financial data collected by any federal employee from any source in performance of the duties of his or her employment," and that the "comprehensive catalogue of items in the [TSA] accomplishes essentially the same thing as if it had simply referred to 'all officially collected commercial information' or 'all business and financial data received'" (internal citation omitted)).

Under the TSA, disclosure of information within its scope must be "authorized by law," or the disclosing employee "shall be fined under this title, or imprisoned not more than one year, or both; and shall be removed from office or employment." 18 U.S.C. § 1905. A Rule 45 subpoena, which may be issued at the discretion of any civil litigant, does not constitute the necessary "authoriz[ation] by law." *Cf. Doe v. DiGenova*, 779 F.2d 74, 84-85 (D.C. Cir. 1985) (construing similar language in Privacy Act); *In re Valecia Condensed Milk Co.*, 240 F. 310, 314 (7th Cir. 1917) (construing predecessor to TSA). However, a "lawfully issued judicial order" satisfies the authorization requirement for disclosure of TSA material. *Cf. United States v.*

*Liebert*, 519 F. 2d 542, 546 (3d Cir. 1975).  In other cases in which information relating to blocked assets was sought from OFAC, courts have previously authorized disclosure pursuant to a protective order.  *See, e.g., Havlish v. Bin Laden,* No. 1:14-mc-00107 (D.D.C.), Dkt. Nos. 4, 6 (Protective Orders entered April 9, 2015 and July 9, 2015); *Doe v. Ejercito de Liberacion Nacional*, No. 1:10-cv-21517 (S.D. Fla.), Dkt. No. 219 (Protective Order entered November 5, 2014); *Bakhtiar v. Islamic Republic of Iran*, No. 1:02-cv-92 (D.D.C.), Dkt. No. 98 (Protective Order entered June 27, 2014); *Peterson v. Islamic Republic of Iran,* No. 1:01-cv-2094 (D.D.C.), Dkt. No. 481 (Protective Order entered January 8, 2013).  Similarly, here, given the prohibitions of the TSA, disclosure by OFAC of information sought by plaintiff may be authorized by the entry of a protective order.

The Court of Appeals for the District of Columbia Circuit has recognized, in the context of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the government's need to protect information disclosed to it when trade secrets or confidential commercial or financial information is at issue.  When information is provided to the government under compulsion, courts evaluate whether its disclosure would "impair the government's ability to obtain [the] necessary information in the future."  *See McDonnell Douglas Corp. v. NASA*, 180 F.3d 303, 304-05 (D.C. Cir. 1999); *Critical Mass Energy Project v. Nuclear Regulatory Comm'n*, 975 F. 2d 871, 878-80 (D.C. Cir. 1992).  Here, the information OFAC is willing to disclose was provided to it pursuant to 31 C.F.R. § 501.603, which requires financial institutions and other holders of blocked property to file reports with OFAC.  The requirement is "mandatory," and "[r]eports filed are regarded as privileged and confidential." 31 C.F.R. § 501.603(a).  In the absence of a protective order, disclosure of information submitted to OFAC under § 501.603 could adversely affect compliance with § 501.603 and, thus, OFAC's administration of its

programs. Accordingly, OFAC requests that the Court provide the authorization of law required by the TSA by issuing the proposed protective order attached hereto.

## CONCLUSION

For the reasons set forth herein, OFAC requests that this Court enter the proposed protective order, lodged concurrently with this motion, authorizing OFAC to disclose information in response to plaintiff's subpoena.

The undersigned counsel has conferred with counsel for plaintiff, who stated that plaintiff consents to the relief requested in this motion.

Dated: August 27, 2015                    Respectfully submitted,

                                                                           BENJAMIN C. MIZER
                                                                          Principal Deputy Assistant Attorney General

                                                                          JACQUELINE COLEMAN SNEAD
                                                                          Assistant Branch Director

                                                                           /s/ Robin Thurston
                                                                          Robin Thurston (IL Bar No. 6293950)
                                                                          Trial Attorney
                                                                          United States Department of Justice
                                                                          Civil Division, Federal Programs Branch
                                                                          20 Massachusetts Avenue, N.W.
                                                                          Washington, D.C. 20001
                                                                          Telephone: (202) 616-8188
                                                                          Fax: (202) 616-8470
                                                                          Email: robin.f.thurston@usdoj.gov

                                                                          Attorneys for the United States